UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 10-205-KKC

RANDELL WAGERS                                                      PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                       DEFENDANT

*** *** *** ***

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Randell Wagers and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 11, 12. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

**I.    FACTS AND PROCEDURAL HISTORY**

The Plaintiff is a forty-six year old male with an eighth grade education. AR 62. He has past relevant work experience as a company laborer and lumber handler. AR 62, 293. He alleges disability beginning on December 31, 1997 due to lung problems, back pain, and nerves. AR 305.

In March/April 2006, the Plaintiff filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. AR 210-11, 273, 279. These claims were denied initially and upon reconsideration. AR 217. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 217. The request was granted and the Plaintiff appeared and testified at a hearing held on December 4, 2007. AR 217.

On April 28, 2008, Administrative Law Judge James Alderisio issued a decision denying the Plaintiff's applications. AR 217-25. The Plaintiff filed a request for review by the Social

Security Administration's Appeals Council and on July 5, 2008, the Appeals Council vacated the ALJ's decision and remanded for further proceedings. AR 226-28.

On April 3, 2009, a second hearing was held. AR 64-91. On July 9, 2009, Administrative Law Judge Donald Rising also denied the Plaintiff's applications. AR 55-63. The Plaintiff again filed a request for review by the Social Security Administration's Appeals Council, but this time the request was denied. AR 1-3. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The

2

Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

## B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's

3

ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since December 31, 1997, the alleged onset date. AR 57. At step two, the ALJ found that the Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, mild degenerative changes of the lumbar spine, bilateral inguinal hernias, alcohol dependence (in partial remission), generalized anxiety, a pain disorder with general medical condition and psychological condition, and borderline intellectual functioning. AR 57. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 58.

Prior to step four, the ALJ determined that the Plaintiff has the RFC to:

> perform light work . . . ; no lifting, carrying, pushing or pulling in excess of 20 pounds; no sitting or standing more than 30-40 minutes continuously; no exposure to temperature extremes, dust, fumes, or smoke; no more than occasional bending, squatting, crawling, climbing, or balancing. The claimant is also limited to simple instructions performed in task-focused settings.

4

AR 59. Since the Plaintiff's past relevant work as a company laborer and lumber handler were performed at the heavy exertional level, the ALJ determined at step four that he is unable to perform past relevant work. AR 62. However, at step five, the ALJ determined that based on the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. AR 62. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 63.

**D. Analysis**

The Plaintiff raises several arguments in support of his claim that the ALJ erred in not awarding him benefits. The Court will address each of these arguments in turn.

**1. The Appeals Council's Remand Order**

The Plaintiff first argues that the ALJ did not comply with the Appeals Council's remand order. In its order dated July 5, 2008, the Appeals Council instructed the ALJ to do four things: (1) obtain additional evidence concerning the Plaintiff's impairments; (2) further evaluate the Plaintiff's subjective complaints; (3) further evaluate lay witness testimony; and (4) give further consideration to the Plaintiff's maximum RFC, providing specific references to the evidence supporting the assessed limitations and explaining the weight accorded to the opinion evidence. AR 227-228.

The Court rejects the Plaintiff's argument because the ALJ complied with these instructions. First, as the Plaintiff concedes, the ALJ obtained additional medical evidence from Dr. Fogleman, the Plaintiff's treating physician. Second, the ALJ specifically evaluated the Plaintiff's subjective complaints, evaluating them in accordance with the pain standard. AR 60. Third, the ALJ considered the testimony of Mr. Ratliff, the Plaintiff's neighbor. AR 60-61.

5

Fourth, the ALJ evaluated the Plaintiff's RFC and, in doing so, considered the medical evidence from the Red Bird Clinic, Dr. Hoskins, Dr. Starkey, and Dr. Fogleman. AR 57-61. The ALJ also incorporated some of these doctors' opinions in his RFC finding and further explained that he gave no weight to an opinion by Dr. Starkey because it was not supported by Dr. Starkey's own findings. AR 61. In sum, since the ALJ complied with the Appeals Council's remand order, the Court finds that the Plaintiff's first argument is without merit.

### 2. Treating and Consulting Physicians' Opinions

The Plaintiff next argues that "benefits should be granted because the overwhelming weight of treating and examining physician opinions prove Randell Wagers is totally disabled." Although the Plaintiff summarizes the medical evidence from treating physician Dr. Fogleman and consulting physicians Dr. Hoskins and Dr. Starkey, the Plaintiff fails to argue how this evidence demonstrates that he is disabled or how the ALJ erred. Although this Court is not required to formulate arguments on the Plaintiff's behalf, it seems that the Plaintiff is arguing that the ALJ failed to give appropriate weight to the opinions of these physicians.

In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if

they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348. The Sixth Circuit has also said that the opinion of a consulting physician is not entitled to the deference due to the opinion of a treating physician. *See e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

In this case, the ALJ actually incorporated many of Dr. Fogleman's opinions in his RFC finding. AR 59-61. Dr. Fogleman noted that the Plaintiff should avoid lifting more than twenty pounds, would have a hard time sitting longer than thirty to forty minutes at a time, and should avoid environmental contaminants and temperature extremes. AR 61, 591-92, 599-600. Since the ALJ specifically included these opinions in his RFC finding, the Court rejects the Plaintiff's suggestion that the ALJ did not properly consider Dr. Fogleman's opinions.

Similarly, the ALJ incorporated many of Dr. Hoskins' opinions in his RFC finding. Dr. Hoskins noted that the Plaintiff could engage in light carrying, light lifting, and some limited bending, squatting, crawling, climbing, or balancing. AR 59, 520-22. Dr. Hoskins also opined that, due to COPD, the Plaintiff would be limited to mild or moderate exertion and should avoid exposure to temperature extremes, dust, fumes, and smoke. AR 61, 522. Since the ALJ also included these opinions in his RFC finding, the Court similarly rejects the Plaintiff's suggestion that the ALJ did not properly consider Dr. Hoskins' opinions.

With regard to Dr. Starkey, while the ALJ did incorporate many of Dr. Starkey's opinions in his RFC finding, the ALJ gave "no weight to Dr. Starkey's assessment that claimant would

7

have marginal or poor ability sustaining attention, relating to others or tolerating work stress."
AR 61. The ALJ found that substantial evidence refuted that assessment. AR 61. Specifically, Dr. Starkey's own records stated that the Plaintiff was alert, oriented, and able to focus and sustain attention with only "mild" distraction. AR 61, 479. Further, state agency reviewing psychologists found that the Plaintiff was capable of following simple instructions and was able to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 515-18. In light of this and other evidence, the Court finds that the ALJ's decision to reject Dr. Starkey's assessment was supported by substantial evidence.

### 3. The ALJ's Credibility Determination

The Plaintiff next argues that the ALJ erred by improperly evaluating his credibility.[1] According to the Sixth Circuit, "[i]t is for the Secretary, not a reviewing court, to make credibility findings. If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c) (listing the factors an ALJ considers in determining the credibility of a claimant's statements about pain).

In this case, while the ALJ found that the Plaintiff's impairments could reasonably be expected to produce the alleged symptoms, he found that the Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 60. In making this finding, the ALJ explicitly considered multiple factors, including the objective medical evidence and the Plaintiff's daily activities.

---

[1] The Plaintiff raises two issues concerning the ALJ's credibility determination: (1) whether the lay testimony proves that he is disabled; and (2) whether the ALJ properly applied the Sixth Circuit's pain standard. Since both issues concern the ALJ's credibility determination, the Court addresses them together.

8

First, the ALJ considered the objective medical evidence. The ALJ found that despite alleging that his disability began in 1997, the Plaintiff testified that he did not see any doctors at that time. AR 60. The ALJ also found no evidence of treatment until 2005, over seven years after the Plaintiff's alleged onset date. AR 60. Furthermore, the ALJ found that the Plaintiff's complaints of memory problems were undermined by Dr. Starkey's statement that the Plaintiff was alert, oriented, and able to focus and sustain attention with only "mild" distraction.[2] AR 60, 479; *see also* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (providing that an ALJ can consider conflicts between a claimant's statements and the objective medical evidence).

Second, the ALJ considered the Plaintiff's daily activities. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (acknowledging that "an ALJ may consider household and social activities in evaluating complaints of disabling pain"); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The ALJ pointed out that the Plaintiff was able to drive his mother to the grocery store, wash dishes, and do laundry. AR 60. The ALJ also noted that the Plaintiff cares for his personal needs. AR 60.

In sum, the ALJ considered multiple factors in concluding that the Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Accordingly, the Court finds that the ALJ properly evaluated the Plaintiff's credibility and his findings were based on substantial evidence.

---

[2] The Plaintiff also raises an issue concerning the testimony of Mr. Ratliff, his neighbor. Mr. Ratliff is considered an "other source," whose opinion the ALJ may consider. *See* 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4). At the hearing, Mr. Ratliff testified that the Plaintiff tried to help him with a remodeling job, but the Plaintiff seemed disoriented at times and was unable to follow directions to retrieve pieces of wood. While the ALJ explicitly considered this testimony, he found it was not consistent with Dr. Starkey's finding. The Court finds that the ALJ made no error in disregarding Mr. Ratliff's testimony.

### 4. Vocational Expert's Testimony

Finally, the Plaintiff argues that the vocational expert's testimony proves that he is disabled. In support, the Plaintiff points to the following exchange at the hearing:

> ATTY: Okay. Now, if we assume the other testimony we had about Mr. Wagers, but assume he can't follow simple instructions and needs constant supervision, what does that do to his employability?
>
> VE: He has to be able to follow simple instructions. If he can't . . ., then he couldn't work, couldn't do simple jobs.

Rec. 11 (quoting AR 90).

According to the Sixth Circuit, a hypothetical question posed to a vocational expert is proper "'if the question accurately portrays plaintiff's individual physical and mental impairments.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984))

In this case, the attorney's question and the vocational expert's response did not accurately portray the Plaintiff's RFC because the ALJ found that the Plaintiff *can* follow simple instructions performed in task-focused settings. AR 59. Furthermore, when the ALJ asked the vocational expert a hypothetical question which included functional limitations consistent with the Plaintiff's RFC, the vocational expert testified that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. AR 85-86. Accordingly, the Court finds that the Plaintiff's argument regarding the vocational expert's testimony is misplaced.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly,

it is **HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 11) is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment (Rec. No. 12) is **GRANTED**; and

(3) A Judgment shall enter concurrently with this Memorandum Opinion and Order.

Dated this 14th day of February, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**